IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN STEELMAN, | 1:10-cv-01469-JLT (HC) |
|     Petitioner, | ORDER TRANSFERRING CASE TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA |
| vs. | |
| T. BUSBY, | |
|     Respondent. | |

    Petitioner, a state prisoner proceeding pro se, has filed a habeas corpus action pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

    The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or  (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C.  § 1391(b).

    In a habeas matter, venue is proper in either the district of conviction or the district of confinement.  28 U.S.C. § 2241(d).  Where a petitioner attacks the execution of his sentence, the proper forum in which to review such a claim is the district of confinement.  See Dunn v. Henman,

-1-

875 F.2d 244, 249 (9th Cir. 1989) (stating, in a 28 U.S.C. § 2241 action, that "[t]he proper forum to challenge the execution of a sentence is the district where the prisoner is confined.").

In this case, the Petitioner is challenging a February 2009 decision of the Board of Parole Hearings denying parole suitability for Petitioner. Petitioner is thus challenging the execution of his sentence and therefore the proper venue is the district in which Petitioner is incarcerated. Petitioner is presently incarcerated at Ironwood State Prison, Blythe, California, which is located within the Central District of California. Therefore, the petition should have been filed in the United States District Court for the Central District of California. In the interest of justice, a federal court may transfer a case filed in the wrong district to the correct district. See 28 U.S.C. § 1406(a); Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974).

Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United States District Court for the Central District of California.

IT IS SO ORDERED.

Dated:   **August 25, 2010**              /s/ Jennifer L. Thurston
                                        UNITED STATES MAGISTRATE JUDGE